75951. BILL DAVIDSON BUICK, INC. v. SIMS.
(369 SE2d 285)

BENHAM, Judge.

The evidence of record in this case shows without dispute that appellee bought a 1984 Cadillac from Georgia Auto Wholesalers in November 1984; that appellee bought a new car from appellant in March 1985, trading in the Cadillac; that appellant subsequently discovered that the Cadillac was a welded-together composite of parts of two cars; that appellee had no knowledge when he traded it to appellant of the composite nature of the car; and that the title appellee had acquired and transferred to appellant did not reveal that the car had been rebuilt. When appellee declined to repay any of the credit he had received, appellant brought suit for fraud and breach of contract. The basis of the breach of contract claim was appellant's allegation that appellee did not comply with OCGA § 40-3-35 by having the title to the car marked "salvage" or "rebuilt." The trial court granted summary judgment to appellee on both counts. On appeal, appellant con-

tends only that it was error to grant summary judgment to appellee on the contract claim. We affirm.

1. OCGA § 40-3-35 (b) requires the purchaser of a "salvage motor vehicle" to apply for a "salvage certificate of title," and subsection (d) requires that such a title certificate contain the word "salvage" on its face. It is appellant's position that appellee was the purchaser referred to in subsection (b). Our consideration of the definitions in OCGA § 40-3-2 (11) & (12) convinces us otherwise:

"(11) 'Rebuilt motor vehicle' means any motor vehicle which has been damaged and subsequently restored to an operable condition by the replacement of two or more major component parts.

"(12) 'Salvage motor vehicle' means any motor vehicle which: (A) Has been damaged to the extent that its restoration to an operable condition would require the replacement of two or more major component parts but shall not mean any such motor vehicle which has been repaired and the title to which is not transferred as a result of such damage or repair; (B) Has been acquired by an insurance company as the result of the vehicle being damaged to the extent that its restoration to an operable condition would require the replacement of two or more major component parts or for which the insurance company has paid a total loss claim; or (C) Is an imported motor vehicle which has been damaged in shipment and disclaimed by the manufacturer as a result of the damage, has never been the subject of a retail sale to a consumer, and has never been issued a certificate of title."

It is apparent from the definitions and from the facts of this case that appellee purchased a "rebuilt motor vehicle" rather than a "salvage motor vehicle." The statute places no duty on the purchaser of a "rebuilt" vehicle to have the certificate of title marked with any identifier; that duty is on the purchaser of a "salvage" vehicle, i.e., one not yet rebuilt. To adopt appellant's interpretation of the statute would make appellant itself guilty of a misdemeanor since it purchased the car from appellee and resold it without causing the title certificate to be marked appropriately. OCGA § 40-3-35 (h). We do not accept the notion that the legislature's intent was to punish the victims of fraud rather than the perpetrators.

No one disputes that the certificate of title to the car appellant accepted from appellee should have had the word "rebuilt" or the word "salvage" printed thereon. Further, according to OCGA § 40-3-35.1 (c) (1) (B), the word "rebuilt" should have been stamped into the car's metal or onto a plate affixed to the car. However, the absence of such warnings, so far as the record shows, was not due to appellee's wrongdoing. We agree with the trial court, therefore, that OCGA § 40-3-35 did not apply to appellee and that summary judgment in his favor was required.

2. In light of the paucity of authority regarding the interpreta-

tion of the statute involved in this case, we do not deem this appeal to be frivolous. Accordingly, appellee's motion for a penalty pursuant to Rule 26 of this court is denied.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 20, 1988 —
REHEARING DENIED MAY 6, 1988.

*Lewis M. Groover, Jr.*, for appellant.
*J. Glenn Richardson*, for appellee.